[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15743
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cr-00005-RH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE L. WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 24, 2019)

Before TJOFLAT, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Willie Walker, a former corrections officer, appeals his 21-month sentence

for deprivation of a prisoner's civil rights, in violation of 18 U.S.C. § 242.  He

argues that the District Court abused its discretion because, under the totality of the circumstances, his sentence was substantively unreasonable. After thorough consideration, we affirm Walker's sentence.

Walker was employed as a corrections officer at the Gulf Correctional Institution, a state prison facility in Florida. In 2015, Walker and his colleagues were conducting a planned search of one of the prison dormitories. The inmates exited the dormitory and were instructed not to speak. Walker told the victim, inmate William Hernandez, to get the attention of another inmate, who was speaking. Hernandez refused, and when Walker ordered Hernandez to take a half-seated squat position against the wall, Hernandez refused again. Walker began yelling at Hernandez, and the Officer-in-Charge instructed Walker to bring Hernandez to the Center Gate Office to attempt to resolve their dispute. Upon entering the office, Walker spontaneously sprayed Hernandez in the eyes with pepper spray, punched and kicked him, and hit him in the head with the pepper spray can. Hernandez fell to the floor and Walker continued to beat him. Hernandez suffered serious lacerations, facial swelling, and a broken nose, requiring him to be transferred to another facility for medical care. A 14-inch shank was found on the floor near where Hernandez had been; Walker submitted an incident report saying that Hernandez had drawn the shank, and Walker had acted in self-defense. Walker's report contradicted the testimony of other inmates

and officers, including the officer who was in the Center Gate Office with Walker. Forensic evidence suggested that the shank was planted at the scene.

A grand jury indicted Walker on one count of deprivation of civil rights. 18 U.S.C. § 242 (2018). After a jury trial, Walker was convicted and sentenced to 21 months' imprisonment. On appeal, he challenges his sentence as substantively unreasonable. He claims that the District Court should have imposed a below-guidelines sentence in light of some mitigating circumstances in his case; specifically, that he has already been punished by the loss of his ability to work as a corrections officer and the forfeiture of his $80,000 retirement fund, and that prison will be especially dangerous for him as a former corrections officer.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We consider the totality of the circumstances, and "[t]he party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors." *United States v. Tome,* 611 F3d 1371, 1378 (11th Cir. 2010).

How much to weigh any one § 3553(a) factor is up to the discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). "We ordinarily expect a sentence within the Guidelines range to be reasonable," and a sentence well below the statutory maximum is more likely to be upheld under a

3

reasonableness challenge. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court need not explicitly consider each of the sentencing factors; rather, an acknowledgement that it considered the factors will generally suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). But a "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). We will vacate the sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *Id.* at 1190 (quotation omitted).

Here, the District Court did not abuse its discretion by sentencing Walker to 21 months' imprisonment. The District Court acknowledged that Walker held a challenging position and gave considerable weight to his history of good works and achievements, his personal background, and the positive recommendations from others regarding his character. But the District Court considered other factors as well, such as the seriousness of the offense and Walker's attempt to cover it up. Although Walker will never work as a corrections officer again and will have no opportunity for recidivism, the Court explained that a term of imprisonment was

4

necessary to deter other corrections officers from depriving inmates of their civil rights.  Nor did Walker receive an inappropriately disparate sentence: although other corrections officers had been given lesser sentences for similar crimes, those officers had been directed to commit those crimes by their supervisors, and they had accepted responsibility for their crimes and cooperated with investigators. Here, Walker acted alone, maintained his innocence, and did not apologize or cooperate.  Moreover, Walker's sentence was within the Guidelines and well below the 10-year statutory maximum.  In sum, Walker's sentence was substantively reasonable: the District Court considered the appropriate factors and imposed a sufficient but not unnecessarily long sentence.

**AFFIRMED.**